# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SOLEIMAN MOBARAK,

        Petitioner,    :    Case No. 2:24-cv-143

  - vs -        District Judge Michael H. Watson
                Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

                :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus action pursuant to 28 U.S.C. § 2254 in which Petitioner seeks relief from his Franklin County conviction for engaging in a pattern of corrupt activity, aggravated trafficking in drugs, and aggravated possession of drugs and from his consequent sentence of thirty-five years imprisonment.

On April 22, 2024, the Magistrate Judge recommended the Petition be dismissed as untimely under the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. § 2244(d)(Original Report, ECF No. 12). Petitioner, through counsel, has objected (ECF No. 13) and District Judge Watson has recommitted the case for consideration of those Objections (ECF No. 14).

Respondent, Warden Jay Forshey, pleaded the affirmative defense of the statute of limitations in his Return of Writ (ECF No. 5). Respondent argued Petitioner's conviction became

final on direct appeal on November 13, 2017, when the Ohio Tenth District Court of Appeals affirmed the conviction on remand. That would have been the date for the statute to begin running but for Mobarak's then-pending petition for writ of post-conviction relief in the Tenth District. Respondent concedes that pending petition, as a properly filed collateral attack on the conviction tolled the statute under 28 U.S.C. § 2244(d)(2) until the Tenth District affirmed dismissal of that petition and for the forty-five days after the dismissal during which Mobarak could have appealed to the Ohio Supreme Court. However, tolling ceased when Mobarak did not appeal by March 13, 2020, and the statute expired a year later on March 13, 2021. Mobarak did not file his Petition in this case until January 5, 2024, and thus, Respondent argued, he was barred by the statute of limitations. The Magistrate Judge accepted this calculation to which Petitioner had not objected in the Traverse (Original Report, ECF No. 12, PageID 2390).

Petitioner's argument in the Traverse was that the trial court lacked subject matter jurisdiction and its judgment could therefore be attacked at any time (Traverse, ECF No. 11, PageID 2338-39). The original Report analyzed the case law Petitioner had cited[1] and concluded there was no subject matter jurisdiction exception to the statute of limitations (Original Report, ECF No. 12, PageID 2391-93).

Petitioner, once again represented by counsel, has filed Objections (ECF No. 13). He argues that the right to file a petition for habeas corpus is protected by the Fifth Amendment Due Process Clause and the Suspension Clause (U.S. Const., Art. 1, Sec. 9, cl. 2. n1). *Id.* at PageID 2395. He follows with encomiums to the importance of the Great Writ. *Id.* at PageID 2395-96. Petitioner's counsel follows with history of the writ from *Ex parte Bollman*, 8 U.S. 75 (1807)(Marshall, Ch. J.) through *Brown v. Allen*, 344 U.S. 443 (1953).

---

[1] Petitioner had filed his Traverse *pro se*.

This history is unexceptionable, but counsel then leaps to the conclusion "the right to file a petition for writ of habeas corpus will be denied by the district court if the Magistrate's Recommendation is adopted. The district court will, in effect, suspend the Petitioner's right to file a petition for writ of habeas corpus." (Objections, ECF No. 13, PageID 2397).

Counsel then reverts to history, recounting both presidential and congressional suspensions in the Civil War and afterwards. *Id.* at PageID 2397-98. He then accuses the undersigned of dismissing the writ "for *ad hoc* reasons" and concludes:

> Clearly, the Petitioner had a constitutionally protected right to file his petition for writ of habeas corpus. Of its own accord, and in defiance of hundreds of years of American history and jurisprudence, the Magistrate has exceeded its authority to deny the Petitioner this right. Such action is not permissible and can not be allowed to stand. Aside from being an impermissible exercise of judicial authority that resulted in the violation of the Petitioner's due process rights, the action of the Magistrate denying the Petitioner's right to file a habeas corpus petition stands in marked contrast to the historical trajectory of expanding the rights of criminal defendants. As noted, the right to file a habeas corpus petition has withstood many attempts at suppression, only to emerge as statutorily protected and outside the realm of judicial fancy.

*Id.* at PageID 2399.

Rather than an exercise in "judicial fancy," the Report was an attempt to interpret the law correctly and apply it to Petitioner's case. The Objections do not persuade the undersigned that he has abandoned his judicial duty, nor should they persuade the Court.

There was no statute of limitations applicable to habeas corpus cases until Congress enacted the AEDPA on April 24, 1996. The Supreme Court has held that AEDPA applies to all habeas cases filed after that date. *Lindh v. Murphy,* 521 U.S. 320 (1997); followed in *Harpster v. Ohio*, 128 F.3d 322 (6th Cir. 1998). Neither the Supreme Court nor the Sixth Circuit has ever held that the AEDPA violates the Suspension Clause or the Fifth or Fourteenth Amendment Due Process Clause.

Because this case was filed after April 24, 1996, it is governed by the AEDPA. It was therefore the duty of the undersigned to interpret the AEDPA's statute of limitations provision and apply that interpretation to this case. Petitioner makes no objection to the Magistrate Judge's calculation of the statutory time periods under AEDPA, but rests on his bald assertion that applying § 2244(b) constitutes an unconstitutional suspension of the writ. The federal courts of appeals which have considered the question have been unanimous in holding the AEDPA statute of limitations does not violate the Suspension Clause. *Delaney v. Matesanz*, 264 F.3d 7 (1st Cir. 2001); *Wyzykowski v. Department of Corrections*, 226 F. 3d 1213 (11th Cir. 2000); *Green v. White*, 223 F.3d 1001 (9th Cir. 2000); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107 (2d Cir. 2000); *Turner v. Johnson,* 177 F. 3d 390 (5th Cir. 1999); *Miller v. Marr,* 141 F.3d 976 (10th Cir. 1998).

**Conclusion**

Petitioner's Objections arse without merit and should be overruled. The Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 8, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
