UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Soleiman Mobarak,

    Petitioner,

    v.

Warden Noble Correctional Institution,

    Respondent.

Case No. 2:24-cv-143

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

This is a habeas corpus action pursuant to 28 U.S.C. § 2254 in which Petitioner seeks relief from his Franklin County conviction for engaging in a pattern of corrupt activity, aggravated trafficking in drugs, and aggravated possession of drugs and from his consequent sentence of thirty-five years imprisonment. Pursuant to Amended General Order 22-05, the case was randomly referred to Magistrate Judge Merz upon filing.

On April 22, 2024, the Magistrate Judge recommended the Petition be dismissed as untimely under the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No 104-132, 110 Stat. 1214 ("AEDPA"), and codified at 28 U.S.C. § 2244(d). Original Report, ECF No. 12. On recommittal, the Magistrate Judge again reached the same conclusion. Supplemental Report, ECF No. 15. Petitioner has again objected, ECF No. 16, and the case is thus ripe for decision.

A District Judge is required to review *de novo* a report and recommendation of a Magistrate Judge on a dispositive matter. Having conducted that review, the Court **ADOPTS** the Magistrate Judge's Reports and **OVERRULES** Petitioner's Objections for the following reasons.

Respondent pleaded the affirmative defense of the statute of limitations in his Return of Writ. ECF No. 5. Respondent argued Petitioner's conviction became final on direct review on November 13, 2017, when the Ohio Tenth District Court of Appeals affirmed the conviction on remand. That would have been the date for the statute to begin running but for Mobarak's then-pending petition for writ of post-conviction relief in the Tenth District. Respondent concedes that pending petition, as a properly filed collateral attack on the conviction, tolled the statute under 28 U.S.C. § 2244(d)(2) until the Tenth District affirmed dismissal of that petition and for the forty-five days after the dismissal during which Mobarak could have appealed to the Ohio Supreme Court. However, tolling ceased when Mobarak did not appeal by March 13, 2020, and the statute expired a year later on March 13, 2021. Mobarak did not file his Petition in this case until January 5, 2024, and thus, Respondent argued, he was barred by the statute of limitations. The Magistrate Judge accepted this calculation to which Petitioner had not objected in the Traverse. Original Report, ECF No. 12, PAGEID # 2390.

Petitioner's argument in the Traverse was that the trial court lacked subject matter jurisdiction and its judgment could therefore be attacked at any time.

Traverse, ECF No. 11, PAGEID # 2338–39. The original Report analyzed the case law Petitioner had cited and concluded there was no subject matter jurisdiction exception to the statute of limitations. Original Report, ECF No. 12, PAGEID # 2391–93.

Petitioner's Objections argued that the right to file a petition for habeas corpus is protected by the Fifth Amendment Due Process Clause and the Suspension Clause (U.S. Const., Art. 1, Sec. 9, cl. 2. n1). ECF No. 13, PAGEID # 2395. He followed with encomiums to the importance of the Great Writ and the history of the writ from *Ex parte Bollman*, 8 U.S. 75 (1807) (Marshall, Ch. J.) through *Brown v. Allen*, 344 U.S. 443 (1953). *Id*. at PAGEID # 2395–96. Counsel then leaps to the conclusion that "the right to file a petition for writ of habeas corpus will be denied by the district court if the Magistrate's Recommendation is adopted. The district court will, in effect, suspend the Petitioner's right to file a petition for writ of habeas corpus." Objections, ECF No. 13, PAGEID # 2397.

In the Supplemental Report, the Magistrate Judge accepted as accurate much of the history of the Great Writ that Petitioner's counsel had written, but noted that this Court is obliged to apply AEDPA as written, including the statute of limitations in 28 U.S.C. § 2244(d). ECF No. 15.

In his current Objections, Petitioner has returned to representing himself. He adopts the objections his counsel made to the original Report[1], but adds a number of his own *pro se* arguments, reprising what he wrote in his Traverse.

**Conviction Not Yet Final**

Mobarak first argues the statute of limitations has not yet begun to run because his conviction is not final. Objections, ECF No. 16, PAGEID # 2408 *et seq.* The argument is that the Common Pleas Court lacked subject matter jurisdiction to try him and to enter judgment and the Tenth District Court of Appeals therefore had no jurisdiction over his direct appeal. This argument depends on the premise that his conduct was not prohibited by positive law when it occurred and Ohio Common Pleas courts only have jurisdiction to try offenses prohibited by statute. It follows, he says, that the judgment is void *ab initio* and can be attacked at any time in the Ohio courts, either directly or collaterally, and therefore is not final. Since the judgment is not "final," the statute has not yet begun to run.

This argument depends on treating the word "final" as if it had only one meaning in every legal context in which it is used. But that is simply not the case. The AEDPA statute of limitations runs from when a conviction "became final by the conclusion of direct review or the expiration of the time for seeking

---

[1] Petitioner's counsel had argued the Magistrate Judge was suspending the writ by enforcing the statute of limitations. Petitioner now takes the position that AEDPA itself unconstitutionally suspends the writ. ECF No. 16, PAGEID # 2408. He cites no case authority to that effect and the Court knows of none.

such review." In Ohio, a convicted defendant has a direct appeal of right to the district court of appeals with territorial jurisdiction over the county of conviction. Once the court of appeals has rendered judgment, a defendant can appeal to the Ohio Supreme Court, but that court's exercise of jurisdiction is discretionary. If the Ohio Supreme Court accepts the case and decides it against the defendant on an issue arising under the United States Constitution, a defendant can seek further direct review by the United States Supreme Court by petition for writ of certiorari. 28 U.S.C. § 1257(a). In this case, the Magistrate Judge found direct review was concluded when Mobarak failed to appeal from affirmance of his conviction after remand and the time for doing so expired, that is on November 13, 2017. Report, ECF No. 12, PAGEID # 2390.

Mobarak did not object to the finding of fact as to failure to seek review in the Ohio Supreme Court or to the Magistrate Judge's conclusion of law that this constituted finality for purposes of 28 U.S.C. § 2244. Rather, he now asserts the judgment is not final because the Common Pleas Court acted without jurisdiction.

The statutory language of AEDPA was language chosen by Congress to apply throughout the United States. Obviously, "direct review" may have different applications in different States with different systems of appeal, but the Supreme Court has held a conviction in any State becomes final for purposes of § 2244(d)(1) on the date that the time for seeking review in the highest state court expires. *Gonzalez v. Thaler*, 565 U.S. 134 (2012). There is no evidence from legislative history or otherwise that Congress intended to incorporate state

law concepts of finality vis-a-vis appealability or trial court lack of subject matter jurisdiction into AEDPA.

Petitioner's present Objections present at some length the theory that Ohio Common Pleas courts have jurisdiction only over felonies defined by statute. Objections, ECF No. 16, PAGEID # 2409–16. The Court takes no exception to that proposition. Ohio declined to accept common law crimes soon after statehood.

> In *Ohio v. Lafferty*, Tappan, 81 (1817), it was held in an able opinion by Judge Tappan, that common law crimes are punishable in Ohio; but Judge Goodenow, a member of this court under the former constitution, in his work entitled "Historical Sketches of the principles and maxims of American Jurisprudence, in contrast with the doctrines of the English common law, on the subject of crimes and punishments" (1819), completely refuted the soundness of that view, and it is now perfectly well settled that *Ohio v. Lafferty* is not law.

*Mitchell v. State*, 42 Ohio St. 383, 386 (1884); *see also Key v. Vattier*, 1 Ohio 132, 144 (1823); *Winn v. State,* 10 Ohio 345 (1841); *Vanvalkenburgh v. State*, 11 Ohio 404 (1842); *Allen v. State,* 10 Ohio St. 287, 301 (1859); *Smith v. State*, 12 Ohio St. 466, 469 (1861); *Knapp v. Thomas*, 39 Ohio St. 377, 385 (1883). That proposition is now codified at Ohio Revised Code § 2901.03.

Because by his argument the judgment of conviction is void, it follows, Mobarak argues, that it can be attacked at any time under Ohio law either directly or collaterally. Objections, ECF No. 16, PAGEID # 2416. However, the case law he cites only supports collateral attack at any time. *See State v. Fischer,* 942 N.E.2d 332 (Ohio 2010); *Lingo v. State*, 7 N.E.3d 1188, 1199 (Ohio 2014), cited

by Petitioner at PAGEID # 2416. Whatever possibilities may exist for collateral attack on the judgment of conviction (Petitioner suggests Ohio mandamus), the Court is unaware of any possible attack on direct review and Petitioner suggests none.

Petitioner notes that his attack in the current case is a collateral attack. *Id.* at PAGEID # 2417–18. That is a correct characterization, but the ability to use this collateral attack method is conditioned on timely filing the petition. And under 28 U.S.C. § 2244(d)(1), the statute of limitations runs from conclusion of direct review. Petitioner's filing was late by close to three years.

**Exception to the Statute of Limitations for Void Judgments**

Petitioner next argues that there is an exception to the AEDPA statute of limitations for attacks on void judgments created by the "Law of the Land as exposed [sic] by the United States Supreme Court." Objections, ECF No. 16, PAGEID # 2421–29. Much of this section of the Objections is a reprise of Petitioner's subject matter jurisdiction argument. *Id.* at PAGEID # 2421–24. After that section, Petitioner proclaims:

> The Law of the Land as exposed by the United States Supreme Court exposes a nonstatutory Exception to the AEDPA Statute of Limitations that Precedes the AEDPA by Centuries and Which Cannot Be Overruled or Superseded by the AEDPA, where the judgment attacked, whether State or Federal, is void for want of subject matter jurisdiction, that judgment may be attacked at any time, in any court where the void judgment is relevant to the proceedings.

Objections, ECF No. 16, # PAGEID # 2425. This argument does not go to interpretation of § 2244(d), but denies Congress's constitutional authority to adopt a statute of limitations which would apply to review of void judgments.

As authority for the proposition that Congress cannot constitutionally impose a time limit on habeas petitions claiming lack of subject matter jurisdiction, Petitioner first refers the Court to "the end of the Petition." Petitioner does not repeat those citations or cite the pages of the Petition on which they appear, but the referenced cases seem to be *Elliott v. Lessee of Peirsol,* 26 U. S. 328 (1828) and *Williamson v. Berry*, 49 U.S. 495 (1850). To these Petitioner adds a lengthy quotation from *In re Banner*, 151 U.S. 242 (1894). Since they pre-date AEDPA by more than a century, none of these cases addresses the constitutionality of the statute in question. More importantly, none of them overrules *Ex parte Bollman*, 8 U.S. 75 (1807), in which the Supreme Court, per Chief Justice Marshall, held that the writ of habeas corpus which federal courts were authorized to grant was the statutory writ enacted by Congress in the Judiciary Act of 1789 and not the common law writ and the writ was therefore limited to those instances where Congress had authorized it to be granted.

The Judiciary Act of 1789 did not include a statute of limitations. None was enacted until AEDPA in 1996. But to this Court's knowledge neither the Supreme Court nor the Sixth Circuit has held that provision unconstitutional and Petitioner cites no case authority to that effect. *See* Means, Federal Habeas

Manual, §9a:9 (citing cases upholding the constitutionality of § 2244 against Suspension Clause and Ex Post Facto Clause challenges).

**Actual Innocence Exception**

Finally, Mobarak claims the benefit of the actual innocence exception to the statute of limitations. That exception was recognized by the Supreme Court in *McQuiggin v. Perkins,* 569 U.S. 383, 386–87 (2013). *See also Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005) (recognizing this exception in advance of *McQuiggin*).

In claiming the benefit of this exception in the Traverse, Mobarak wrote:

> The Actual innocence exception is most often presented as an "I didn't do it", but in this case where there were no statutes defining the Petitioner's conduct as offenses, actual innocence is even stronger because there can be no guilt without an offense, and there can be no offense without a criminal statute defining the conduct as an offense.

ECF No. 11, PAGEID # 2344.

Actual innocence within the meaning of *McQuiggin* means factual innocence, not legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whiteley,* 505 U.S. 333, 339 (1992)). That means the actual innocence exception must be presented as an "I didn't do it" proposition and not as an argument that what I did (or what the state courts found I did) does not constitute a crime. The Sixth Circuit has recently reaffirmed the *Bousley* holding. *Hubbard v. Rewerts,* 98 F.4th 736 (6th Cir. 2024).

To benefit from the actual innocence exception, a habeas petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Souter, supra*; *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Mobarak has presented no new evidence at all and therefore does not qualify for the actual innocence exception.

## Conclusion

Having reviewed the Magistrate Judge's Reports *de novo*, the Court finds they make no clearly erroneous findings of fact or clear errors of law and they are accordingly **ADOPTED**. Petitioner's Objections are **OVERRULED**.

The Clerk shall enter judgment **DISMISSING** the Petition **WITH PREJUDICE**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**